I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE, MOST RECENT, ADDRESS OF
RECORD, IN THIS ACTION, ON THIS DATE w/ CC of petn to A.G.

DATED: 10-22-04

DEPUTY CLERK

FILED
CLERK US DISTRICT COURT

OCT 22 2004

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ___
Send     ___
Enter    ___
Closed   ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ✓

DOCKETED ON CM
OCT 22 2004
BY _____ 063

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| PAUL BLUMBERG,<br><br>    Petitioner,<br><br>    v.<br><br>SILVIA GARCIA, Warden of<br>  California State Prison,<br>  Calipatria,<br><br>    Respondent. | Civil No. CV 04-08146-CAS (Mc)<br><br>ORDER REQUIRING RESPONSE TO<br>PETITION FOR WRIT OF HABEAS<br>CORPUS (28 U.S.C. § 2254) |

    The petitioner having filed a petition for writ of habeas corpus, **IT IS ORDERED** that:

    1.    The Clerk of this Court shall promptly (a) serve a copy of the petition and a copy of this Order by certified mail on respondent and the Attorney General for the State of California, or his authorized agent; and (b) serve a copy of this Order on the petitioner.

    2.    If the respondent contends that the petition can be decided without the court reaching the merits of the petitioner's claims (e.g., because the respondent contends that the petitioner has failed to exhaust any state remedies as to any ground for relief

alleged in the petition, or that the petition is barred by the statute of limitations, or that the petition is subject to dismissal under Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, or that all of the claims are procedurally defaulted), the respondent shall file a motion to dismiss on or before December 13, 2004. The motion to dismiss shall <u>not</u> address the merits of the petitioner's claims, but rather shall be confined to the basis for the respondent's contention that dismissal without reaching the merits of petitioner's claims is warranted.[1] At the time the motion to dismiss is filed, the respondent shall lodge with the court all records bearing on the respondent's contention in this regard.

3. If the respondent files a motion to dismiss, the petitioner shall file his opposition, if any, to the motion within thirty (30) days of the date of service thereof. At the time the opposition is filed, the petitioner shall lodge with the court any records not lodged by respondent which the petitioner believes may be relevant to the court's determination of the motion.

4. Unless the court orders otherwise, the respondent shall <u>not</u> file a reply to the petitioner's opposition to a motion to dismiss. If the motion is denied, the court will afford the respondent adequate time to respond to the petitioner's claims on the merits.

5. If the respondent does not contend that the petition can be decided without the Court reaching the merits of petitioner's

---

[1] If respondent contends that petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the petition, the motion to dismiss shall also specify the state remedies still available to petitioner.

1  claims, the respondent shall file and serve an answer to the petition
2  on or before December 13, 2004. At the time the answer is filed the
3  respondent shall lodge with the court copies of all petitions filed by
4  the petitioner in the California Supreme Court, and all state court
5  transcripts, briefs, orders, opinions and other records as are
6  necessary to support the answer to the petition.  The outside of each
7  envelope shall specify the documents contained therein.  Where
8  consideration on the merits requires this court to make an independent
9  review of the record, the respondent's answer must include citations
10  to the transcripts of the state proceedings; citations to state court
11  opinions alone are insufficient.  All exhibits to the answer shall be
12  paged consecutively with the answer and tabbed, as required by Local
13  Rule 11-5.3, so as to facilitate ease of reference.  The answer must
14  cite the page number of any exhibit or document used to support any
15  statements in the answer.
16          6.   The petitioner may file a single traverse responding to
17  matters raised in the answer within thirty (30) days of the date of
18  service of the answer.  Any traverse filed by petitioner (a) shall
19  state whether the petitioner admits or denies each allegation of fact
20  contained in the answer; (b) shall be limited to facts or arguments
21  responsive to matters raised in the Answer; and (c) shall not raise
22  new grounds for relief that were not asserted in the petition.
23  Grounds for relief withheld until the traverse will not be considered,
24  unless the court grants leave to amend the petition.  No traverse
25  shall exceed twenty-five (25) pages in length absent advance leave of
26  court for good cause shown.
27          7.   The court will grant a request by a party for an
28  extension of time within which to file any of the pleadings required

hereunder only upon a showing of good cause, which should be made in advance of the due date of the pleading. Any such request shall be accompanied by a declaration explaining why an extension of time is necessary and by a proposed form of order granting the requested extension.

       8. Unless otherwise ordered by the court, this case shall be deemed submitted on the day following the date petitioner's opposition to a motion to dismiss and/or traverse is due.

       9. Every document delivered to the court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the court without a certificate of service may be returned to the submitting party and without being considered by the court.

      10. The petitioner shall immediately notify the court and counsel for respondent of any change of petitioner's address. If the petitioner fails to keep the court informed of where the petitioner may be contacted, this action will be subject to dismissal for failure to prosecute. If mail directed by the Clerk to the pro se petitioner's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, the petitioner fails to notify, in writing, the court and opposing parties of his current address, the court may dismiss the action with or without prejudice for want of prosecution. See Local Rule 41-6.

Dated: October 21, 2004

                                                                              JAMES W. McMAHON
                                                                              United States Magistrate Judge

4

SCANNED

